UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie James FORD and Ruby Ann
Howard, Defendants-Appellants.

No. 17994.

United States Court of Appeals
Sixth Circuit.

May 20, 1968.

As Amended June 6, 1968.

Daniel P. Worth, Hamilton, Ohio, (Court appointed), for Willie James Ford.

Lewis T. Barr, Cincinnati, Ohio, (Court appointed), for Ruby Ann Howard.

Jerome B. Greenbaum, Detroit, Mich., for appellee; Lawrence Gubow, U. S. Atty., Jerome B. Greenbaum, Asst. U. S. Atty., Detroit, Mich., on brief.

Before EDWARDS and COMBS, Circuit Judges and CECIL, Senior Circuit Judge.

PER CURIAM.

The appellants were found guilty on three counts of an indictment charging them with possession, sale, and purchase of narcotics in violation of 21 U.S.C. § 174; 26 U.S.C. §§ 4704(a) and 4705(a); and 18 U.S.C. § 2. They appeal from judgments sentencing them to five years' imprisonment on each count, the sentences to run concurrently.

The chief Government witness was Alford Brown, who had three previous felony convictions and a criminal charge pending against him at the time he allegedly purchased narcotics from the appellants. He was cooperating with Government narcotics agents in return for their promise that his cooperation would be brought to the attention of the prosecutor and the judge. Brown assisted Agent Ziegler, the officer in charge of this case, on two prior cases, and by the time of appellants' trial had assisted on ten other cases. Ziegler stated that Brown had never told him an untrue story.

Brown testified that he had known appellant Bubba Ford when both were in prison and had renewed his acquaintance on a Sunday in early April, 1965, when he was taken by friends to a basement apartment occupied by Ford at 1620 Hancock in Detroit. Ford sold one of Brown's friends two $10.00 packets of narcotics. Brown told Ford he was interested in buying narcotics and was given a telephone number to call when he was ready to purchase.

Brown told Agent Ziegler on April 15 that he could purchase narcotics from Bubba Ford and that he would inform the agent when he had set up the sale. Brown testified that he then called the number given him by Ford and Ford answered the telephone. When Brown told him he wanted to buy narcotics, Ford replied that he had only four $5.00 packets left and the sale was set up for 4:30 that afternoon. Brown relayed the information to Ziegler who arranged to meet him at a designated street corner. Ziegler, accompanied by Agent Morrellie and State Police Detective Paul Radashaw, met Brown at 4:15 p.m. The agents searched Brown's person and automobile, took all of his money, gave him $20.00 in marked bills, and secreted under his jacket a Port-A-Talk unit which broadcasts sound picked up by its microphone.

Brown drove to 1620 Hancock, followed by the officers. He rang the buzzer, the street door was opened for him, and he entered the building. He testified that he knocked on the door of Ford's apartment and was asked by a female voice, "Who is it?" He replied, "Brown." Whereupon, the appellant Ruby Ann Howard opened the door of the apartment and inquired what he wanted. Brown told her he had come for the four packets of narcotics. Ruby Ann Howard admitted him to the apartment, took his money, and went into the bedroom. Brown heard her ask someone in the bedroom for the narcotics; he then heard Ford's voice ask for the money and heard him count it aloud. Ruby Ann Howard returned and, upon Brown's assurance that the narcotics were for him, she gave him the four packets. Ford "stuck his head out of the bedroom door" and spoke to Brown as he was leaving.

Ziegler saw Brown enter the apartment building and from the Port-A-Talk receiver heard sounds which corresponded with the witness's description of the events up to the point Brown entered the apartment at which time the Port-A-Talk ceased to function. When Brown came out of the building, the agents followed him back to the meeting place. They took the four packets from him, again searched him and his car, and removed the Port-A-Talk unit from beneath his jacket.

The packets were found to contain heroin. The marked bills were never recovered, and the appellants were not arrested until the following September. Ziegler stated that an arrest could have been made at the time Brown walked out of the apartment, but the arrests were postponed because he planned to use Brown in other cases and did not want to disclose his identity.

It is alleged on this appeal that the evidence was not sufficient to sustain the convictions and that appellants were denied a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.

■ We conclude from our examination of the evidence, as summarized above, that it is clearly sufficient to sustain the jury's verdict and the judgments of conviction.

■ No prejudice to the appellants is shown by reason of the delay between the time of the alleged sale and their arrest or the delay between the time of their arrest and trial. They were admitted to bail after their arrest, were indicted February 2, 1966, and were tried on October 4, 1966. The delay in making the arrest was unusual but was adequately explained by the Government. We find no denial of appellant's constitutional rights.

The judgments are affirmed.